UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MARYLAND
(BALTIMORE)

___ FILED       ___ ENTERED
___ LOGGED      ___ RECEIVED

FEB - 6 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY SD                    DEPUTY

EDWARD BURTON,          )
     Petitioner,        )
                        )
          v.            )
                        )
UNITED STATES OF AMERICA,)   Criminal No. JRR-22-296
     Respondent.        )
                        )

MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE PURSUANT
TO 28 U.S.C. SECTION 2255 RELIEF FROM THE JUDGMENT
AND INCORPORATED MEMORANDUM

Comes Now the Petitioner Edward Burton ("Burton") acting in a pro se[1] capacity and respectfully moved this Court to vacate, set aside, or correct sentence pursuant to 28 U.S.C. Section 2255.

Factual and Procedural
Backround

Burton entered into a plea agreement with the United States in which he agreed to plead guilty to count one of criminal information which charged him with possession with the intent to distribute fentanyl in violation of 21 U.S.C. Section 841(b)(1)(c). Burton, pursuant to the plea agreement, also, agreed to plead guilty to count two of criminal information which charged him with being a prohibited person in possession of a firearm and ammunition, in violation of 21 U.S.C. Section 922(g).

The United States agreed that the applicable offense level for count one was a level 30 pursuant to the United State Sentencing Guidelines. ("U.S.S.G.") Section 2D1.1(c)(5) because the offense to have involved more than 400 grams but

less that 1.2 kilograms of fentanyl. There was a 2-level increase added pursuant to U.S.S.G. Section 2D1.1(b)(2) because Burton possessed a firearm in connection with the offense and a 2-level increase in the offense level pursuant to U.S.S.G. 2D1.1 (b)(12) because Burton was alleged to have maintained a premises for the purpose of manufacturing or distributing a controlled substance. Thus, the total offense level for count one was a level 34.

The United States agreed, with respect to count two, that applicable base offense level was a level 20 pursuant to U.S.S.G. Section 2K2.1(a)(4)(B)(ii)(I). There was a 4-level increase added because of the number of firearms possessed. U.S.S.G Section 2K2.1(b)(1)(B). Thus, the total offense level for count two was a level 24.

The total offense level for both counts was 35, U.S.S.G Section 3D1.1(a)(3). The United States did not oppose a 2-level reduction based upon Burton's prompt recognition and affirmative acceptance of personal responsibility of his conduct. Moreover, the United States recognized Burton's timely notification of his intent to enter into a guilty plea and made a motion pursuant to U.S.S.G. Section 3E1.1(b) for an additional 1-level reduction. Consequently, in light of the foregoing, Burton's total offense level a level 31.

Burton was sentenced on October 12, 2022, to 156 months of imprisonment in the custody of the Bureau Of Prisons consisting of (1) 1 sentence of 156 months on count one and 4 years of supervised release (all to run concurrent to the sentence for count one.)

Burton has not filed a Notice Of Appeal or sought other post-conviction relief other than the current action.

Burton was represented throughout the matters discussed herein by Counsel

Steven H. Levin ("Counsel Levin").

## Standard of Review

Mr. Burton, asserts claims of ineffective assistance of counsel. The Sixth Amendment to the Constitution guarantees a criminal defendant the right to effective assistance of competent counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Ineffective assistance of counsel is a well recognized basis for relief under § 2255. See generally Missouri v. Frye, 566 U.S. 134, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012); Lafler v. Cooper, 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)

To mount a successful challenge under 28 U.S.C. § 2255 based on the Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland, 466 U.S. at 687-88; see Williams v. Taylor, 529, U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); United States v. Palacios, 982 F.3d 920, 923 (4th Cir. 2020); United States v. Winbush, 922 F.3d 227, 229 (4th Cir. 2019); United States v. Carthorne, 878 f. 3d 458, 465 (4th Cir. 2017); United States v. Powell, 850 F.3d 145, 149 (4th Cir. 2017). First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must show that he was prejudiced by the deficient performance. Strickland, 466 U.S. at 687; see Chaidez v. United States, 568 U.S. 342, 348, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013); Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct 1029, 145 L. Ed. 2d 985 (2000); Hill v. Lockhart, 474 U.S. 52, 57, 106 S.Ct 366, 88 L. Ed. 2d 203 (1985); Winbush, 922 F.3d at 229; Powell, 850 F.3d at 149; United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015); United States v. Dyess, 730 F.3d 354, 361 (4th Cir. 2013); Richardson v.

Branker, 688 F.3d 128, 139 (4th Cir.); United States v. Higgs, 663 F.3d 726, 735 (4th Cir. 2011); see, e.g. United v. Baker, 719 F.3d 313, 318 (4th Cir. 2013). The petitioner must prove his claim by a preponderance of the evidence. United States v Pettiford, 612 F.3d 270, 277 (4th Cir. 2010); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The first Strickland prong, also known as the "performance prong," relates to professional competence. The petitioner must demonstrate that his attorney's performance fell "below an objective standard of reasonableness, "as measured by "prevailing professional norms." Strickland, 466 U.S. at 688; see Harrington v. Richter, 562 U.S. 86, 104, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); Powell, 850 F.3d at 149. The central question is whether "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Richter, 562 U.S. at 88 (quoting Strickland, 466 U.S at 690.

The burden is on the petitioner to establish "that counsel made errors so serious that his "counsel" was not functioning as the :counsel" guaranteed by the Sixth Amendment." Richter, 562 U.S. at 88 (quoting Strickland, 466 U.S. at 687). And, the Strickland standard must be applied with scrupulous care," Richter, 562 U.S. at 105, because "the standard of judging counsel's representation is a most deferential one." Id. Indeed, "[k]eenly aware of the difficulties inherent in evaluating counsel's performance, the Supreme Court has admonished the courts' must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Lawrence, 517 F.3d at 708 (quoting Strickland, 446 U.S. at 689); see Cullen v. Pinholster, 563 U.S. 170, 189, 131 S.Ct. 1388, 179 L. Ed. 2d 557 (2011); Richter, 562 U.S. at 104; Lee v. Clarke,

4

781 F.3d 114, 122 (4th Cir. 2015).

Notably, a claim of ineffective assistance is evaluated in light of "the strength of case law as it existed at the time of allegedly deficient representation." Palacios, 982 F.3d at 924; see Carthorne, 878 F.3d at 466. Thus, "[t]o avoid the distorting effects of hindsight, claims under Strickland's performance prong are 'evaluated in light of the available authority'" at the relevant time. United States v. Morris, 971 F.3d 818, 823 (4th Cir. 2019)(citation omitted). To be sure, counsel "are obliged to make [] argument[s] that [are] sufficiently foreshadowed in existing case law," but counsel is not deficient "for failing to predict" changes in law." Id. at 824 (alterations in Morris; internal quotation marks omitted).

Under the second Strickland prong, the petitioner must show that his attorney's deficient performance "prejudiced [his] defense." Strickland, 466 U.S. at 687. To satisfy the "prejudice prong," a petitioner must show the "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; Lafler, 566 U.S. at 369-70, 113 S.Ct 838, 122 L. Ed. 2d 180 (1993). "A reasonable probability is a a probability sufficient to undermine confidence in the outcome" of the proceedings. Strickland, 466 U.S. at 687.

Burton entered a plea of guilty pursuant to a plea agreement. A guilty plea is a "waiver of [a defendant's] right to trial before a jury or a judge." Brady v. United States, 397 U.S. 742, 748 90 S.Ct. 1463, 25 L.Ed. 2d 747 (1970). A plea agreement "is an essential aspect of the administration of criminal justice...." United States v. Lewis, 633 F.3d 262, 269 (4th Cir. 2011).

The plea process is governed by Fed.R.Crim. P 11. For a guilty plea to be valid, it must be voluntary, id. and "[w]aivers of constitutional rights not

5

only must be voluntary but must be knowingly. "Intelligent, acts done with sufficient awareness of the relevant circumstances and likely consequences." Id. See Bradshaw v. Stumpt, 545 U.S. 174, 183, 125 S. Ct. 2398, 162 L.Ed 2d 143 (2005)(same). Thus, the plea must reflect an "intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25, 31 91 S.Ct. 160 27 L. 2d 162 (1970). A plea cannot be "voluntary in the sense that it constituted an intelligent admission...unless respondent received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" Henderson v. Morgan, 426 U.S. 637, 645, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976)(quoting Smith v. O'Grady, 312 U.S. 329, 334, 61 S. Ct. 572, 85 L. Ed. 859 (1941)).

The Sixth Amendment right to counsel extends to the plea bargaining process. McMann v. Richardson, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); United States v. Murillo, 927 F.3d 808, 815 (4th Cir. 2019); see also Frye, 556 U.S. at 140-44; Lafler, 566 U.S. at 162. In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court explained that, "where...a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness [and intelligence] of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases'" at 56 (citing McMann, 397 U.S. at 771).

The prejudice prong of the Strickland test is slightly modified in the context of plea bargaining. Hooper v. Garraghty, 845 F.2d 471 (4th Cir. 1988). In Hooper, the Fourth Circuit explained, id. (quoting Hill, at 474 U.S. at 59), "When a defendant challenges a conviction entered after a guilty plea, [the] 'prejudice' prong of the [Strickland] test is slightly modified. Such a

6

defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."' Accord United States v. Lewis, 477 F. App'x 79, 81 (4th Cir. 2012); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

Pursuant to 28 U.S.C. Section 2255(b), the court must hold an evidentiary hearing "[unless] the motion and files and records conclusively show the prisoner is entitled to no relief...." United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021)(underline added for emphasis); see United States v. White, 366 F.3d 291 302 (4th Cir. 2004). Moreover, the Supreme Court has held that a hearing was warranted when factual allegations in a motion and a response related primarily to occurrences outside the courtroom and upon which the record can cast no real light. Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct 510, 7 L. Ed 2d 473 (1962). These principles guide the analysis which follows.

## Analysis

A. Counsel Levin Failed to Consult Burton Regarding an Appeal

The Strickland framework applies to claims that a lawyer should have filed an appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2020). When a lawyer disregards a specific instruction to file an appeal both Strickland prongs are met regardless of the merit of the potential appeal, and regardless of an appeal waiver. Garza v. Idaho, 139 S. Ct. 738, 749, 203 L. Ed. 2d 77 (2019); Flores-Ortega, 528 U.S. at 477. Relevant in the matter sub judice, counsel is required to consult with a defendant "when there is a reason to think either (1) that a defendant would want to appeal...or (2) that this petitioner defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480, consulting with such a defendant

means "advising about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendants wishes." Id. at 478 Unless it cab be established that defense counsel ignored an unambiguous instruction to appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsels deficient failure to consult with him about an appeal, he would have timely appealed. See Id. at 484. This is necessary to prove the prejudice under Strickland's second prong. Burton's desire to appeal was unequivocally made to Counsel Levin to which Counsel Levin only responded, "[y]ou cannot appeal." This response fell woefully short of Counsel Levin's duty to consult with Burton regarding the advantages and disadvantages of taking an appeal. Burton submits that the promptness of the filing of this instant action is persuasive in establishing a reasonable probability, that but for Counsel Levins neglected duty Burton would have filed a timely notice of appeal.

However, assuming arguendo, the record is insufficient to establish the necessary reasonable probability that Burton would have wanted to appeal an evidentiary hearing is required because the conversations between Burton and Counsel Levin as to the issue took place outside the courtroom and "the record casts no real light. Machibroda at 495.

B. Counsel Levin Failed to Challenge the Chain of Custody

Counsel Levin was ineffective for failing to challenge the number of capsules of fentanyl (drug weight) for which Burton was, ultimately held responsible. The Baltimore County Police report for December 15, 2021 (day the drugs were found) does not provide a specific quantity or weight. (Exhibit A). On February 15, 2022 in a Baltimore County Application and Affidavit for a Search

Warrant it was stated that "approximately[2] 4,000 gelatin capsules" were found along with 80 grams of fentanyl. (Exhibit B). Incredibly, and in defiance of the known laws of physics, the August 30, 2022 Stipulation of Facts submitted by the government to Burton holds him responsible for 7,094 capsules containing fentanyl. (Stipulation of Facts ¶ 4). The 7,094 alleged capsules cannot be reasonably be relied upon to sentence Burton because of the large unexplained difference in the number of capsules. One does not need to possess the mathematical abilities of Al-Khwarizmi[3] to recognize that there exists a substantial difference between "approximately 4000" capsules and approximately 7,094 capsules.

Considering the facts that the drugs were in the exclusive custody of law enforcement under lead agent, Detective Tasher from December 15, 2021, to August 30, 2022, raises a serious issue regarding the chain of custody of the drugs."[4]

Counsel Levin chose to ignore [5]this substantial increase in the number of capsules of fentanyl to Burton's detriment which constitutes ineffective assistance. Price v. Warren, 726 Fed. Appx. 877 (3d Cir. 2018) is illustrative, there "counsel failed to attack chain of custody of key prosecution evidence." Cigarette butt with his [client's] DNA on it," which was "sole piece of evidence squarely linking him to robberies" even though chain of custody of this cigarette butt was poorly documented raising the possibility that the butt with prior DNA on it did not come from the crime scene.

Counsel Levin had all the documents in his possession which should have caused him reason to challenge the chain of custody issue. Moreover, it is not possible to conceive of any strategic benefit to Burton of not challenging the chain of custody issue, See generally Hendrix v. Palmer, 893 F.3d 906 (6th Cir. 2018)("[c]ounsel was ineffective in filing to move to suppress statement on

grounds that were indisputably meritorious"; "Hendrix's counsel had access to all the facts that should have led him to conclude that ... statements were inadmissible, and not filing a motion to suppress had no conceivable benefit for Hendrix.")

Burton asserts that a challenge to the chain of custody would have been granted as approximately 4,000 capsules mysteriously becoming approximately 7,094 capsules simply cannot be explained. Therefore, a challenge to the chain of custody would have been successful. See generally Floyd v. United States, 2008 U.S. Dist. LEXIS 75985, 2008 WL 3925841, at *5 (D.S.C. Aug. 26 2008)("Where a claim of Ineffective Assistance of Counsel is based on counsel's failure to file a motion to suppress the prejudice prong of Strickland requires the movant establish that the motion would have been granted.")

C. Counsel Levin was Ineffective for Apparently Failing to Read the Stipulation of Facts

Counsel Levin was ineffective for failing to observe and object to the drug weight stipulated to in paragraph four of the Stipulation of Facts for which Burton was held responsible. Paragraph four of the stipulation of facts is worth repeating here in its entirety;

> When agents executed the search warrants at the stash house, they recovered **mixtures or substances containing fentanyl of approximately 431.25 grams**, which has been tested by an accredited lab. For example, they recovered one bag containing approximately 6,450 gelatin capsules (231.67 grams) of fentanyl and another bag containing 644 gelatin capsules (113 grams). This was also fentanyl residue from various packaging materials, personal protective equipment, a money counter, and digital scale.

(Bolding in original.)

Counsel Levin should have observed that approximately 231.67 grams of fentanyl and approximately 113 grams of fentanyl does not equal approximately

431.25 grams of fentanyl. On the contrary, it equals 344.67 grams of fentanyl. This mathematical error is of great significance. The error resulted in an offense level increase. U.S.S.G.") Section 6 2D1.1(c)(5) more than 400 grams but less that 1.2 kilograms of fentanyl)

Burton reasonably relied on Counsel Levin to read the stipulation of facts and to ensure the drug weights therein were properly added. See Winston v. Kelly, 600 F. Supp. 2d 717, 732 (W.D.Va. 2009)("[s]imply not reading essential documents that are facially significant to competent capital counsel did not seem to this Court to be any [strategic] choice at all").[7] Therefore, as a result of Counsel Levin's failure to read the Stipulation of Facts, Burton's guilty plea was not entered voluntarily and intelligently, which violated due process, Boykin v. Alabama, 395 U.S. 238, 242 (1969).

If Counsel Levin would have read and simply added the, drug weights in paragraph four of the Stipulation of Facts and **informed** Burton of same he would not have pled guilty as his sentence exposure would have been substantially less.[8] Strickland, 466 U.S. 697 (Strickland prejudice standard).

CONCLUSION

WHEREFORE Burton respectfully submits that this Court should vacate, set aside or correct the sentence in this matter based on Counsel Levin's ineffective assistance which resulted in Burton not entering the plea knowingly, voluntarily and intelligently, and upon the advice of competent counsel.

## Declaration

I hereby declare pursuant to 28 U.S.C. Section 1746 that the foregoing including footnotes is true and correct.

*Edward Burton*
Edward Burton

This the __1__ day of February 2023.

Respectfully submitted,

*Edward Burton*
Edward Burton
Reg No. 24045-510
FCI Fort Dix
P.O. Box 2000
Joint Base/MDL, NJ 08640

Footnotes

1

Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct, 594 30. L.Ed. 2d 652 (1972)(Pro Se litigant's filings liberally construed).

2

Burton note that the word "approximately" is used. However, approximately means "very near" closely situated, or "nearly resembling." Approximate, Oxford English Dictionary (3d. Ed.).

3

Al-Khwarizmi, early 9th century mathematician; regarded as father of algebra.

4

Burton was not charged with a conspiracy and no drugs were reported found in any other location for which for which search warrants were executed on December 15, 2021. This further caused into question how can 4,000 capsules and 80 grams of fentanyl which lead to agent Detective Tasher stated under oath in the supporting affidavit for the search warrant became 7,094 capsules, with no grams. This inconsistency further reflects on the chain-of-custody issue raised herein. The entire chronology of the drug weight has been inconsistenet.

5

"The Ostrich is noble animal but not a proper model for an ... advocate." Gonzalez-Servin v. Ford Motor Co., 622 F.3d 931, 934 (Posner, J (7th Cir. 2011).

6

The United States would have had the burden of proving by a preponderance of the evidence the quantity of drugs for which Burton should have been held accountable, in the absence of the Stipulation of Facts. United States v. Gilliam, 987 F.2d 1009, 1013 (4th. Cir. 1993).

7

This was a previous plea agreement in this case. In paragraph four of the respective Stipulation of Facts language was changed at the request of Burton. The plea agreement discussed herein was not shown to Burton until the time of sentencing.

8

Many of Counsel Levin's actions, while not rising to the level of Strickland, 466, U.S. 697, cannot reasonably be said to be professionaly appropriate (i.e. only around Burton to read his to read his presentence report after his sentencing, and not advising Burton the low end of the advisory range to which he pled guilty was only 135 months).

DECLARATION OF SERVICE

UNITED STATES V. EDWARD BURTON
Case No. JRR-22-296

Pursuant to Section 1746 of Title 28 of the United States Code, Petitioner Edward Burton, appearing pro se and proceeding in forma pauperis declares under penalty of perjury as follows: I am a inmate presently incarcerated at FCI Fort Dix, Joint Base/MDL, New Jersey, 08640 ("FCI Fort Dix"). On February 1, 2023 in connection with Case No. JRR-22-296, I deposited an envelope in the internal mail system at FCI Fort Dix (first-class postage pre-paid by me) containing the following documents; Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. Section 2255 Relief From the Judgment, Letter to the Clerk of the Court for the Eastern District of Maryland, and this Declaration of Service. The envelope is deposited in the internal FCI Fort Dix mail system and addressed to the Clerk of the Court, United States District Court for the Eastern District of Maryland, Edward A. Garmaltz Federal Building and U.S. Courthouse, 101 West Lombard Street, Room 4415, Baltimore, MD 21201-2605

Encls.

Respectfully submitted,

*Edward Burton*

Edward Burton
Petitioner
appearing pro se and
proceeding in forma pauperis
Reg. No. 24045 - 510
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ. 086402